# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

ROY HATCHER,

        Petitioner,

v.                                                 CIVIL ACTION NO. 5:16-cv-05683
                                                   (Criminal No. 5:08-cr-00189)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner's Motion to Voluntarily Dismiss § 2255 Motion, filed March 29, 2017. (ECF No. 70.) Also pending in the above-styled criminal matter is Petitioner's letter-form Motion to Appoint Counsel. (ECF No. 71.) For the reasons that follow, the Court **WITHDRAWS** the reference to the United States Magistrate Judge. The Motion to Voluntarily Dismiss is **GRANTED**. The *pro se* Motion to Appoint Counsel is **DENIED**.

### I. BACKGROUND

On January 22, 2009, Petitioner pled guilty to one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 5:08-cr-00189, ECF No. 24.) At final disposition, Petitioner was classified as a career offender based on two prior convictions for wanton endangerment. The Court sentenced Petitioner to a term of 155 months of imprisonment followed by a three-year term of supervised release. (*Id.*, ECF Nos. 31, 32.) Petitioner did not appeal.

On June 23, 2016, Petitioner, acting through counsel, filed an Emergency Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the § 2255 Petition).[1] (ECF No. 49.) Counsel argued that Petitioner was entitled to relief based upon the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition. On August 3, 2016, counsel filed a Supplemental Motion to Correct Sentence under 28 U.S.C. § 2255. On August 22, 2016, the United States filed a motion to withdraw the reference and stay the § 2255 Petition until the Supreme Court issued its anticipated decision in *Beckles v. United States*, 136 S. Ct. 2510 (2016). The Court denied that motion.

The Supreme Court issued the *Beckles* decision on March 6, 2017, holding that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under the Fifth Amendment. 137 S. Ct. 886 (2017). Petitioner's counsel then filed a Motion to Voluntarily Dismiss on March 29, 2017, citing Rule 41(a)(2) of the Federal Rules of Civil Procedure. Attached to the motion is a consent form signed by Petitioner.

Meanwhile, Petitioner filed a *pro se* Motion to Appoint Counsel on May 18, 2017. Petitioner seeks the appointment of counsel for the purpose of investigating whether he qualifies for a sentence reduction under the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016).[2] The Court withdraws the reference to the United States Magistrate Judge and

---

[1] The Federal Public Defender represented Petitioner during the pendency of the criminal matter and continued to provide legal representation for purposes of the habeas proceeding.

[2] Petitioner's letter-form motion references the Supreme Court decision in "*Mathias*" but provides no case citation. Having been unable to locate any arguably relevant decision styled by that name, the Court concludes that Petitioner misspelled the name of the *Mathis* decision upon which he relies.

2

proceeds to consider the Motion to Appoint Counsel in conjunction with the Motion to Voluntarily Dismiss.

## II. ANALYSIS

Petitioner's *pro se* motion to raise a claim under *Mathis* clearly seeks post-conviction relief that is only available through a § 2255 proceeding. Given the present state of affairs, the Court must first determine whether Petitioner's *pro se* Motion to Appoint Counsel undermines the Motion to Voluntarily Dismiss. The Court concludes that the Motion to Voluntarily Dismiss remains valid. Petitioner filed his *pro se* motion in his criminal case, not his pending habeas case, and the argument offered in support of the request for counsel reflects Petitioner's mistaken belief that the § 2255 proceedings have already concluded. (Motion to Appoint Counsel, ECF No. 71 "[T]he attorney that I had during my previous legal proceedings I'm thinking no longer represents me since that is over."). Further, while not made explicit in the Motion to Voluntarily Dismiss, circumstances suggest that Petitioner moved to withdraw the § 2255 Petition after the adverse decision in *Beckles*. Nothing in Petitioner's *pro se* motion contradicts the reasoned assessment of his counsel that *Beckles* cut off any hope of relief under *Johnson*, nor does the motion undermine Petitioner's voluntary consent to dismissal. The Court therefore **GRANTS** the Motion to Voluntarily Dismiss and **DISMISSES** the § 2255 Petition and its supplement **WITHOUT PREJUDICE**.

The Court now turns to the Motion to Appoint Counsel. As stated, the *pro se* motion seeks the appointment of counsel for the purpose of raising a claim under *Mathis*. The Court may appoint counsel for habeas petitions filed under § 2255 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Appointment of counsel is unwarranted because the statute of limitations

acts as a bar to the assertion of a *Mathis* claim. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). The one-year period runs from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Any habeas petition filed pursuant to *Mathis* would clearly be untimely under § 2255(f)(1). Nearly eight years elapsed between the date Petitioner's conviction first became final in May 2009 and the date he filed the motion *sub judice*. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (a judgment of conviction becomes final when the time expires for filing a direct appeal); Fed. R. App. P 4(b)(1)(A) (setting out fourteen-day period for filing a notice of appeal following entry of judgment in a criminal case). Further, the alternative dates for accrual set forth in subsections (2) and (4) of § 2255(f) are inapplicable here. Petitioner's only potential option is to invoke § 2255(f)(3) by arguing that his motion was filed within one year of the Supreme Court's decision in *Mathis*. Even that argument, however, would be unsuccessful.

In *Mathis*, the Supreme Court clarified the proper application of the categorical approach used in sentencing enhancements under the Armed Career Criminal Act. In that case, the defendant's prior conviction stemmed from an Iowa burglary statute that encompassed conduct broader than the potential conduct encompassed by federal generic burglary. The Supreme Court explained that a state crime does not qualify as an ACCA predicate violent felony offense "if its elements are broader than those of a listed generic offense." *Mathis*, 136 S. Ct. at 2251. Thus, unless the state statute is divisible, determining whether the statute sets forth a crime of violence must "focus solely on whether the elements of the crime sufficiently match the elements of [the] generic [offense]." *Id.* at 2248.

In deciding questions of retroactivity under § 2255(f)(3), courts apply a three-step inquiry developed in *Teague v. Lane*, 489 U.S. 288 (1989). *See United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001). At the first step, the court determines when the defendant's conviction became final. *Id.* "Second, the court must decide whether the Supreme Court's ruling indeed constitutes a 'new rule' of constitutional criminal procedure." *Id.* Third, if the court concludes that the decision announced a new rule, "then it does not apply retroactively unless it falls within one of the two narrow exceptions to the *Teague* bar." *Id.* at 146–47.

The Court has already determined that Petitioner's conviction became final in May 2009. The next step of the three-part inquiry is dispositive. "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301; *see Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) ("A case does not 'announce a new rule when it is merely an application of the principle that governed' a prior decision to a different set of facts." (quoting *Teague*, 489 U.S. at 307)). *Mathis* did not depart

5

from longstanding precedent, nor did it forge new territory in the realm of criminal procedure. Quite to the contrary—the Supreme Court saw its holding as compelled by precedent:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just facts, which ACCA (so we have held, over and over) does not care about.

*Mathis*, 136 S. Ct. at 2257.

Accordingly, this Court joins numerous others in finding that *Mathis* did not announce a new rule of constitutional law that has been made retroactive to cases on collateral review. *See Washington v. United States*, 868 F.3d 64, 66 (2d Cir. 2017) (per curiam) (finding the *Mathis* Court did not create a new rule); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (inmate "failed to make a prima facie showing that *Mathis* . . . set forth new rules of constitutional law that have been made retroactive to cases on collateral review"); *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) ("*Mathis* did not announce a new rule"); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* did not announce [a new] rule; it is a case of statutory interpretation."); *Haley v. United States*, No. 2:12cr149, 2017 WL 2297022, at *3 (E.D. Va. May 24, 2017) ("[T]he *Mathis* Court did not announce a new rule of constitutional law that has been made retroactive to cases on collateral review."). Petitioner's Motion to Appoint counsel must be denied.

### III. CONCLUSION

For the reasons set forth above, the Court **WITHDRAWS** the reference to the United States Magistrate Judge and **GRANTS** Petitioner's Motion to Voluntarily Dismiss. (ECF No. 70).

The § 2255 Petition and its supplement are hereby **DISMISSED WITHOUT PREJUDICE**. (ECF Nos. 49, 55.) The Clerk is **DIRECTED** to remove Civil Action No. 5:16-cv-5683 from the Court's active docket. The Motion to Appoint Counsel filed in the underlying criminal matter, (ECF No. 71), is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:     October 5, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE